## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEANIE WORSLEY,**<br>**On behalf of herself**<br>**and all others similarly situated,**<br><br>                                    **Plaintiffs,**<br>**v.**<br><br>**THE STAPLES GROUP, INC,**<br>**Registered Agent**:<br>The Corporation Company, Inc.<br>112 SW 7th St., Ste. 3C<br>Topeka, Kansas 66603<br><br>and<br><br>**STAPLES CONTRACT &**<br>**COMMERCIAL, INC.**<br>**Registered Agent**:<br>The Corporation Company, Inc.<br>112 SW 7th St., Ste. 3C<br>Topeka, Kansas 66603<br>                                    **Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.: 2:17-cv-02254-CM-JPO** |

## COMPLAINT
### Class and Collective Action Claims

**COMES NOW** the Plaintiff, Jeanie Worsley, on behalf of herself and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and class actions for certain state common law claims.

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for violations of the FLSA and various state common laws against The Staples Group, Inc. and Staples Contract & Commercial, Inc. (collectively "Staples" or "Defendants"), for unpaid wages, including straight time and overtime compensation and related

penalties and damages. Defendants' policies, practices, and/or procedures are to willfully fail and refuse to properly pay all compensation, including straight time and overtime compensation due Plaintiff and all other similarly situated employees who work or worked at Staples's locations throughout the United States.

2. This is a "hybrid" action, where both "opt-out" and "opt-in" representative claims are asserted. The state law claims are brought as traditional class actions under Fed R. Civ. P. 23, in which class members are given the opportunity to opt out of the case. Pursuant to 29 U.S.C. § 216(b), FLSA class members opt in to the case after it is conditionally certified as a collective action.

3. Plaintiff was employed by Staples as an Account Services Manager ("ASM") for Staples promotional products and worked for Staples within the State of Kansas.

4. This matter is brought on behalf of Plaintiff and all other similarly situated ASMs with similar job titles, duties, and compensation structures.

5. ASMs, and others with similar job titles, duties, and compensation structures, were improperly classified as exempt employees pursuant to the FLSA. ASMs' primary duties did not involve the performance of exempt duties. Plaintiff and other similarly situated employees regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq.* and state common law.

6. ASMs are not exempt from the right to receive minimum wages and overtime compensation pursuant to the FLSA. Staples failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq.* and state common laws.

7. Staples's conduct was willful in that they knew their payroll policies, practices, and or

procedures were in violation of the FLSA or they showed reckless disregard as to whether such policies, practices, and/or procedures were in violation of the FLSA.

8.   Plaintiff brings an FLSA collective action for unpaid overtime compensation and related penalties and damages. Staples's practices, policies, and/or procedures are to willfully fail and refuse to properly pay compensation due and owing to Plaintiff and all other similarly situated employees. Doing so is in direct violation of the FLSA.

9.   Staples's pay practices, policies, and/or procedures are in direct violation of the FLSA, therefore, Plaintiff, on behalf of herself and all others similarly situated, seeks to recover unpaid straight time and overtime compensation for all working hours required, suffered, or permitted by Staples in excess of forty hours in a workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

10.   Plaintiff brings class actions against Staples for state common law claims for unpaid wages, related penalties, and damages. Staples's practices, policies, and/or procedures are to willfully withhold the compensation of Plaintiff and all other similarly situated employees in violation of state common law. Staples' policies, practices, and/or procedures are in direct violation of state common law. Plaintiff, on behalf of herself and all others similarly situated, seeks injunctive and declaratory relief; compensation for wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorney fees, costs, and expenses incurred in this action.

## PARTIES

11. Plaintiff currently resides at 17 SW State Highway W, Kingsville, Missouri 64061 in Johnson County. During Plaintiff's employment, she worked at Staples's business location in Overland Park, Kansas. Plaintiff's Consent to Join, pursuant to 29 U.S.C. § 216(b), is to Plaintiff's original Complaint as ***Exhibit A***. Doc. 1-1.

12. The Staples Group, Inc. is the top promotional products distributor in North America. *See*

*http://www.staplespromotionalproducts.com/Capabilities.aspx* (last visited on March 13, 2017). The Staples Group, Inc. maintains a corporate office located at 7500 W. 110th St., Overland Park, KS 66210. The Staples Group, Inc. is a Delaware Company registered and in good standing to do business in the state of Kansas. Service of process may be achieved by serving The Staples Group, Inc.'s registered agent, The Corporation Company, Inc., located at 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

13. Staples Contract & Commercial, Inc. maintains a corporate office at 7500 W. 110th St., Overland Park, KS 66210 and 500 Staples Dr., Framingham, MA 01702. Staples Contract & Commercial, Inc. is a Delaware Company registered and in good standing to do business in the state of Kansas. Service of process may be achieved by serving Staples Contract & Commercial, Inc.'s registered agent, The Corporation Company, Inc., located at 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

15. This Court has supplemental federal jurisdiction under 28 U.S.C. § 1367(a) for the state common law claims.

16. The United States District Court for the District of Kansas has personal jurisdiction because Defendants are located and conducts business within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Staples has offices, conducts business, can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in part in the District of Kansas.

18. At all relevant times, Staples has been an "employer" and/or "joint employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

19. At all relevant times, Staples has employed "employee[s]," including the putative representative action Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

20. At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for Staples, which have been and continues to be enterprises engaged in commerce.

21. At all relevant times, Staples have had gross annual operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**GENERAL FACT ALLEGATIONS**

22. Plaintiff re-alleges the allegations set forth above.

23. Plaintiff worked as an ASM at Staples's Overland Park, Kansas location.

24. Staples employs/employed other employees within the state of Kansas and throughout the United States holding the position of ASM, or holding other positions with similar job titles, duties, and compensation structures.

25. The FLSA requires each covered employer, such as Staples, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

26. Staples employs/employed other ASM employees with similar job titles, duties, and compensation structures at other Staples locations throughout the United States who, like Plaintiff, were misclassified as exempt from the overtime requirements of the FLSA, and who were required to work in excess of 40 hours per workweek without receiving all compensation to which they are entitled.

27. Plaintiff and all others with similar job titles, duties, and compensation structures are not exempt from the right to receive overtime compensation under the FLSA. Specifically, ASMs are not exempt because their primary job duties do not involve the performance of exempt duties.

28. Plaintiff and other employees with similar job titles, duties, and compensation structures

regularly performed work in excess of 40 hours per week without receiving straight time and overtime compensation pursuant to the FLSA.

29.  As an ASM, Plaintiff and other employees with similar job titles, duties, and compensation structures were improperly misclassified as exempt from the overtime requirements of the FLSA and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 *et seq.*, and state common law.

30. ASMs and others with similar job titles, duties, and compensation structures were improperly compensated under the FLSA. All such employees are hereby referred to as the "similarly situated," the "putative representative action plaintiffs," or "putative class members."

31. These similarly situated employees were not compensated for their work at the legal and proper rate of pay.

32. Staples failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, therefore, Staples has violated, and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

33. Staples knew its payroll policies, practices, and procedures were in violation of the FLSA or Staples showed reckless disregard with respect to whether such policies, practices, and procedures were in violation of the FLSA.

34. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COLLECTIVE AND CLASS ALLEGATIONS

35. Plaintiff re-alleges the allegations set forth above.

36. ASMs and others with similar job titles, duties, and compensation structures, working for Staples are similarly situated in that they are all improperly classified as exempt under the FLSA, and

they regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation due and owing.

37. ASMs and all others with similar job titles, duties, and compensation structures are similarly situated in that they are all subject to Defendants' same compensation policies, plans, and/or procedures. Through these procedures, Staples unlawfully misclassifies ASMs and others with similar job titles, duties, and compensation structures as exempt. These misclassified ASMs and other employees with similar job titles, duties, and compensation structures regularly work in excess of forty hours in a workweek and are not paid all straight time and overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of forty in a workweek. Thus, ASMs are unlawfully denied straight time and overtime compensation due and owing under the FLSA.

38. Plaintiff brings Count 1 – ASMs' FLSA Claim – as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings this Claim individually and on behalf of all persons who are, were, or will be employed by Staples as similarly situated ASMs and others with similar job titles, duties, and compensation structures within 3 years from the commencement of this action, who have not been compensated for all hours worked at the applicable wage rates. Plaintiff seeks relief on a collective basis challenging Defendants' policies, practices, and/or procedures of misclassifying ASMs and others with similar job titles, duties, and compensation structures, as exempt and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek.

39. The class for Count I—the ASMs' FLSA Claim—is defined as:

> All current and former Account Services Managers, and others with similar job titles, duties and compensation structures, of Staples who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

40. Plaintiff brings Count II – ASMs' Breach of Contract Claim – as an "opt-out" class action

against Staples pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this Claim

individually and on behalf of all persons who are, were, or will be employed by Staples as ASMs, and

others with similar job titles, duties, and compensation structures within 5 years from the

commencement of this action, who have not been compensated at the applicable wage rates. Plaintiff

seeks relief on a class basis challenging Defendants' failure to properly pay all wages due under

state/federal law and/or in violation of contract.

41. The Rule 23 class for Count II—the ASMs' Breach of Contract Claim—is defined as:

> All current and former Account Services Managers, and others with
> similar job titles, duties and compensation structures, of Staples who
> were classified as exempt and denied compensation at a rate of one
> and one-half times their regular rate of pay for all hours worked in
> excess of forty in a workweek.

42. Plaintiff brings Count III – Unjust Enrichment/Quantum Meruit Claim – as an "opt-out"

class action against Staples pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings

this Claim individually and on behalf of all persons who are, were, or will be employed by Staples as

ASMs, and others with similar job titles, duties, and compensation structures within 3 years from the

commencement of this action, who have not been compensated at the applicable wage rates. Plaintiff

seeks relief on a class basis challenging Defendants' failure to properly pay all wages due under state,

federal, and/or contract law, thereby deriving an unfair benefit from the unlawful failure to pay all

wages due and owing to ASMs and all other similarly situated employees.

43. The Rule 23 class for Count III—the ASMs' Unjust Enrichment/Quantum Meruit

Claim—is defined as:

> All current and former Account Services Managers, and others with
> similar job titles, duties and compensation structures, of Staples who
> were classified as exempt and denied compensation at a rate of one
> and one-half times their regular rate of pay for all hours worked in
> excess of forty in a workweek as required by state and/or federal law.

44. Plaintiff's Breach of Contract and Unjust Enrichment/Quantum Meruit claims against

8

Staples satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements necessary to maintain a class action.

45.   Plaintiff believes the classes cover more than 100 individuals. Joinder of all class members in a single action is impracticable. Thus, the classes satisfy the numerosity requirement.

46.   Questions of fact and law common to the classes predominate over any questions affecting individual putative class members. The questions of fact and law common to the classes arising from Staples's actions include without limitation:

a.   Whether Staples had a policy, practice, and procedure of illegally classifying the Breach of Contract and Unjust Enrichment/Quantum Meruit putative class members as exempt from state and federal overtime laws in violation of federal and/or contract law;

b.   Whether Staples had a policy, practice, and procedure of failing to pay Plaintiff and the putative class members all wages due and owing;

c.   Whether Staples's compensation policies, practices, and procedures properly accounted for the time class members spent working on Staples's behalf;

d.   Whether Staples's conduct gives rise to claims for Breach of Contract, Unjust Enrichment, and Quantum Meruit;

e.   The class-wide measure of damages;

f.   Whether Staples knew or had reason to know such compensation policies, practices, and procedures were unlawful; and

g.   Whether Staples retained a benefit for such unlawful compensation policies, practices, and procedures.

47.   The aforementioned common questions predominate over any questions affecting individual persons. Considering consistency, fairness, economy, efficiency, and equity, a class action is the superior method of adjudication of Plaintiff's and the putative class members claims.

48.   The putative class members have been employed in the same position or similar positions to that in which Plaintiff was employed. Additionally, the putative class members were subjected to the same or similar policies, practices, and procedures, which Plaintiff contends were unlawful. As

such, Plaintiff's claims are typical of the claims of the class and the putative class members.

49. Staples has acted or refused to act on grounds that are generally applicable to the class. The presentation of separate actions by individual class members creates a risk of inconsistent and variable results, establishing incompatible standards of conduct for Staples, and substantially impairing or impeding the ability of the putative class members to protect their interests. A class action is the appropriate and preferred method of adjudication to avoid such risks and provide a fair, efficient, and consistent determination of Plaintiff's and the putative class members' claims.

50. Plaintiff Jeanie Worsely, is an adequate representative for the class because she can fairly and adequately protect the interests of the class: Plaintiff's claims are typical of those of the putative class members; Plaintiff's interests do not conflict with the interests of the members of the class she seeks to represent; and Plaintiff's undersigned counsel have experience with employment and class action lawsuits.

51. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

52. Class members can be informed of the pendency of this class action through direct mail. The names and addresses of the putative representative action plaintiffs are available from Staples. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and in a form of notice similar to those customarily used in representative actions.

## <u>COUNT I –ACCOUNT SERVICES MANAGERS' FLSA CLAIM</u>

53. Plaintiff re-alleges the allegations set forth above.

54. Staples illegally classified Plaintiff and the putative class members as exempt employees under the FLSA.

55. Plaintiff and the putative ASM class members regularly worked in excess of forty hours in a workweek for Staples without receiving the applicable compensation due and owing pursuant to the FLSA.

56. Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

57. Specifically, as discussed above, Defendants failed and refused to pay its non-exempt employees for all overtime hours worked by classifying ASMs as exempt from the FLSA's overtime protections.

58. Defendants' practice was to unlawfully and willfully fail to properly pay its ASMs for all overtime hours worked at the appropriate and legal rate.

**WHEREFORE**, Plaintiff Jeanie Worsley, on behalf of herself and all proposed putative representative action SPP Account Services Manager Plaintiffs, prays for relief as follows:

a.      Designation of this action as a collective action on behalf of the proposed putative representative action ASM Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b.      Designation of Plaintiff Jeanie Worsley as Representative Plaintiff of the putative

representative action ASM Plaintiffs, and others with similar job titles, duties and compensation structures;

c.      Designation of Plaintiff's counsel, Osman & Smay LLP, as Class Counsel of the putative members of the FLSA Representative Action;

d.      An award of damages for unpaid straight time and overtime compensation due to Plaintiff Jeanie Worsley and the putative representative action ASM Plaintiffs, and others with similar job titles, duties and compensation structures, to be paid by Staples;

e.      An award of liquidated damages for straight time and overtime compensation due to Plaintiff Jeanie Worsley and the putative representative action ASM Plaintiffs to be paid by Staples; and/or

f.      Pre Judgment and Post-Judgment Interest as provided by law;

g.      Plaintiff's costs and expenses of this action incurred herein including expert fees;

h.      Reasonable attorneys' fees; and

i.      Any and all such other and further relief as this Court deems necessary, just and proper.

### COUNT II –ACCOUNT SERVICES MANAGERS'
### BREACH OF CONTRACT CLAIM

59. Plaintiff re-alleges the allegations set forth above.

60. Defendants entered into a contract, express or implied, with Plaintiff and the putative Breach of Contract class members, under which Defendants would pay the putative class members for all work performed for Defendants pursuant to applicable law.

61. Defendants breached this contract by its course of conduct explained above.

62. Defendants' breach was willful and not the result of mistake or inadvertence.

63. As a direct result of Defendants' unlawful conduct, Plaintiff and the putative Breach of Contract class members have suffered a loss of compensation.

64. Plaintiff and the putative Breach of Contract class members seek the amount of their

12

underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative representative action Breach of Contract class members, prays for relief as follows:

a.      Designation of this action as a class action on behalf of the proposed putative representative action Breach of Contract plaintiffs;

b.      Designation of Plaintiff as Representative Plaintiff of the putative Breach of Contract class members;

c.      Designation of Plaintiff's counsel, Osman & Smay LLP, as Class Counsel of the putative members of the Breach of Contract Representative Action;

d.      An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative Breach of Contract class members to be paid by Defendants;

e.      Pre-Judgment and Post-Judgment Interest as provided by law;

f.      Plaintiff's costs and expenses of this action incurred herein including expert fees;

g.      Reasonable attorneys' fees; and

h.      Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III – UNJUST ENRICHMENT / QUANTUM MERUIT

65. Plaintiff re-alleges the allegations set forth above.

66. Defendants benefited from the unpaid work performed by Plaintiff and the putative class members by retaining monies that were due and owing pursuant to state/federal law and/or pursuant to the parties' agreement.

67. Defendants were aware or should have been aware that they were receiving a benefit of these unpaid/wrongfully withheld wages at the time such monies were withheld and Defendants

accepted and retained such benefit without paying fair compensation to Plaintiff and the putative class members.

68. Defendants' acceptance and retention of the benefit of Plaintiff and the putative class members' unpaid/deducted labor was inequitable and resulted in Defendants being unjustly enriched.

**WHEREFORE**, on Count III of this Complaint, Plaintiff and the putative class members demand judgment against Defendants and pray this Court:

a.   Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

b.   Order Defendants to repay Plaintiff and the putative class members for the unlawfully retained benefits that should have been conveyed to the Plaintiff and the putative class members pursuant to state/federal law and or contractual obligations;

c.   Award Plaintiff and the putative class members liquidated damages, attorneys' fees, costs, pre-judgment and/or post judgment interest as provided by law; and

d.   Award Plaintiff and the putative class members such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed representative action have a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at Kansas City, Kansas as her place of trial.

Dated: June 22, 2017

Respectfully submitted,

**OSMAN & SMAY LLP**

| */s/ Matthew E. Osman* | */s/ Kathryn S. Rickley* |
|---|---|
| Matthew E. Osman     KS # 23563 | Kathryn S. Rickley     KS # 23211 |
| 8500 W. 110th St., Ste. 330 | 8500 W. 110th St., Ste. 330 |
| Overland Park, KS 66210 | Overland Park, KS 66210 |
| mosman@workerwagerights.com | krickley@workerwagerights.com |
| Tel: (913) 667-9243 | Tel: (913) 667-9243 |
| Fax: (866) 470-9243 | Fax: (866) 470-9243 |

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, Plaintiff's counsel served the above and foregoing in accordance with the Federal Rules of Civil Procedure and/or the Local Rules upon the following counsel of record via CM/ECF:

Daniel B. Boatright
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
dboatright@littler.com
**ATTORNEY FOR THE STAPLES GROUP, INC.**

/s/Matthew E. Osman
ATTORNEY FOR PLAINTIFF