## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEANIE WORSLEY, on behalf of          )
herself and all others similarly situated,    )
                                              )
                                              )    Case No. 2:17-cv-02254-CM-JPO
           Plaintiffs,                        )
                                              )
      vs.                                     )
                                              )
THE STAPLES GROUP, INC., et al                )
                                              )
           Defendants.                        )
                                              )

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants The Staples Group, Inc. and Staples Contract & Commercial, Inc., for their Answer to Plaintiff's Amended Complaint, answer and further respond as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for violations of the FLSA and various state common laws against The Staples Group, Inc. and Staples Contract & Commercial, Inc. (collectively "Staples" or "Defendants"), for unpaid wages, including straight time and overtime compensation and related penalties and damages. Defendants' policies, practices, and/or procedures are to willfully fail and refuse to properly pay all compensation, including straight time and overtime compensation due Plaintiff and all other similarly situated employees who work or worked at Staple's locations throughout the United States.

**ANSWER:**   **Defendants admit that Plaintiff purports to seek relief for alleged unpaid straight time and overtime compensation under the FLSA and state law, but Defendants deny any violation of law, deny Plaintiff is entitled to any relief, and otherwise deny the allegations of Paragraph 1.**

2.      This is a "hybrid" action, where both "opt-out" and "opt-in" representative claims are asserted. The state law claims are brought as traditional class actions under Fed R. Civ. P. 23, in which class members are given the opportunity to opt out of the case. Pursuant to 29 U.S.C. § 216(b), FLSA class members opt in to the case after it is conditionally certified as a collective action.

**ANSWER:**    **Defendants admit that Plaintiff purports to seek relief in the form of a collective action under the FLSA and a class action under state law, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny this matter is appropriate for either class or collective action treatment, and otherwise deny the allegations of Paragraph 2.**

3.      Plaintiff was employed by Staples as an Account Services Manager ("ASM") for Staples promotional products and worked for Staples within the State of Kansas.

**ANSWER:**    **Denied that Plaintiff was employed in any capacity by The Staples Group, Inc. Admitted that Plaintiff was employed by Staples Contract & Commercial, Inc. as an Account Services Manager for Staples Promotional Products (hereinafter "ASM") and worked in the state of Kansas.**

4.      This matter is brought on behalf of Plaintiff and all other similarly situated ASMs with similar job titles, duties, and compensation structures.

**ANSWER:**    **Defendants admit that Plaintiff purports to seek relief for herself and on behalf of other similarly situated ASMs, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for either class or collective action treatment, and otherwise deny the allegations of Paragraph 4.**

2

5.     ASMs, and others with similar job titles, duties, and compensation structures, were improperly classified as exempt employees pursuant to the FLSA. ASMs' primary duties did not involve the performance of exempt duties. Plaintiff and other similarly situated employees regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq*. and state common law.

**ANSWER:**     **Denied.**

6.     ASMs are not exempt from the right to receive minimum wages and overtime compensation pursuant to the FLSA. Staples failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq*. and state common laws.

**ANSWER:**     **Denied.**

7.     Staples conduct was willful in that they knew their payroll policies, practices, and or procedures were in violation of the FLSA or they showed reckless disregard as to whether such policies, practices, and/or procedures were in violation of the FLSA.

**ANSWER:**     **Denied.**

8.     Plaintiff brings an FLSA collective action for unpaid overtime compensation and related penalties and damages. Staples's practices, policies, and/or procedures are to willfully fail and refuse to properly pay compensation due and owing to Plaintiff and all other similarly situated employees.  Doing so is in direct violation of the FLSA.

3

**ANSWER:     Defendants admit that Plaintiff purports to seek relief in an FLSA collective action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for collective action treatment, and otherwise deny the allegations of Paragraph 8.**

9.      Staples pay practices, policies, and/or procedures are in direct violation of the FLSA, therefore, Plaintiff, on behalf of herself and all others similarly situated, seeks to recover unpaid straight time and overtime compensation for all working hours required, suffered, or permitted by Staples in excess of forty hours in a workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

**ANSWER:     Denied.**

10.     Plaintiff brings class actions against Staples for state common law claims for unpaid wages, related penalties, and damages. Staples's practices, policies, and/or procedures are to willfully withhold the compensation of Plaintiff and all other similarly situated employees in violation of state common law. Staples' policies, practices, and/or procedures are in direct violation of state common law. Plaintiff, on behalf of herself and all others similarly situated, seeks injunctive and declaratory relief; compensation for wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorney fees, costs, and expenses incurred in this action.

**ANSWER:     Defendants admit that Plaintiff purports to seek relief in the form of a class action for state common law claims, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any**

others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 10.

## PARTIES

11.     Plaintiff currently resides at 17 SW State Highway W, Kingsville, Missouri 64061 in Johnson County. During Plaintiff's employment, she worked at Staples's business location in Overland Park, Kansas. Plaintiff's Consent to Join, pursuant to 29 U.S.C. § 216(b), is   to Plaintiff's original Complaint as *Exhibit A. Doc. 1-1.*

**ANSWER:    Defendants state Plaintiff was employed by Staples Contract & Commercial, Inc. in Overland Park, Kansas.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore deny the same.**

12.     The Staples Group, Inc. is the top promotional products distributor in North America. *See http://www.staplespromotionalproducts.com/Capabilities.aspx* (last visited on March 13, 2017). The Staples Group, Inc. maintains a corporate office located at 7500 W. 110th St., Overland Park, KS 66210. The Staples Group, Inc. is a Delaware Company registered and in good standing to do business in the state of Kansas. Service of process may be achieved by serving The Staples Group, Inc.'s registered agent, The Corporation Company, Inc., located at 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

**ANSWER:    Defendants admit that The Staples Group, Inc. is a Delaware company registered and in good standing to do business in the state of Kansas, and that service of process may be achieved by serving The Staples Group, Inc.'s registered agent, The Corporation Company, Inc., located at 112 SW 7th St., Ste. 3C, Topeka, KS 66603. Defendants otherwise deny the allegations of Paragraph 12.**

13.     Staples Contract & Commercial, Inc. maintains a corporate office at 7500 W. 110th St., Overland Park, KS 66210 and 500 Staples Dr., Framingham, MA 01702.   Staples Contract & Commercial, Inc. is a Delaware Company registered and in good standing to do business in the state of Kansas. Service or process may be achieved by serving Staples Contract & Commercial, Inc.'s registered agent, The Corporation Company, Inc., located at 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

**ANSWER:     Admitted.**

## JURISDICTION AND VENUE

14.     This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

**ANSWER:     Admitted that this court has original federal jurisdiction over FLSA claims, but denied that such jurisdiction is conferred by 28 U.S.C. § 1311.**

15.     This Court has supplemental federal jurisdiction under 28 U.S.C. § 1367(a) for the state common law claims.

**ANSWER:     Admitted.**

16.     The United States District Court for the District of Kansas has personal jurisdiction because Defendants  are  located and conducts business within this District.

**ANSWER:     Defendants deny that the Staples Group, Inc. was involved in any of the matters alleged herein, and therefore deny the allegations of Paragraph 16 with respect to the Staples Group, Inc.  Defendants admit the allegations of Paragraph 16 with respect to Staples Contract & Commercial, Inc.**

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Staples has offices, conducts business, can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in part in the District of Kansas.

**ANSWER:     Defendants admit that venue is proper in this Court, but Defendants deny any violations of law as alleged in the Amended Complaint, and otherwise deny the allegations of Paragraph 17.**

18.     At all relevant times, Staples has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:     Defendants deny any implication that The Staples Group, Inc. was Plaintiff's employer, but otherwise admit the allegations of Paragraph 18.**

19.     At all relevant times, Staples has employed "employee[s]," including the putative representative action Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:     Defendants deny any implication that The Staples Group, Inc. was Plaintiff's employer, but otherwise admit the allegations of Paragraph 19.**

20.     At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for Staples, which has been and continues to be  enterprises engaged in commerce.

**ANSWER:     Defendants state Plaintiff and other ASMs were engaged in commerce on behalf of Staples Contract & Commercial, Inc., and otherwise deny the allegations of Paragraph 20.**

21.     At all relevant times, Staples have had gross annual operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**ANSWER:**   **Admitted.**

## GENERAL FACT ALLEGATIONS

22.   Plaintiff re-alleges the allegations set forth above.

**ANSWER:**   **Defendants incorporate by reference their answers to Paragraphs 1 through 21.**

23.   Plaintiff worked as an ASM at Staples's Overland Park, Kansas location.

**ANSWER:**   **Defendants admit Plaintiff worked as an ASM at Staples Contract & Commercial, Inc.'s Overland Park, Kansas location.  Otherwise denied.**

24.   Staples employs/employed other employees within the state of Kansas and throughout the United States holding the position of ASM, or holding other positions with similar job titles, duties and compensation structures.

**ANSWER:**   **Defendants state that Staples Contract & Commercial, Inc. employs or employed ASMs in Kansas and two other states.  Otherwise denied.**

25.   The FLSA requires each covered employer, such as Staples, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

**ANSWER:**   **Paragraph 25 is a purported statement of law rather than fact, thus requiring no response. To the extent response is required, Defendants deny that Paragraph 25 is a complete and accurate summary of the FLSA, and deny that The Staples Group, Inc. was Plaintiff's employer.**

26.   Staples employs/employed other ASM employees with similar job titles, duties, and compensation structures at other Staples locations throughout the United States who, like

8

Plaintiff, were misclassified as exempt from the overtime requirements of the FLSA, and who were required to work in excess of 40 hours per workweek without receiving all compensation to which they are entitled.

**ANSWER:    Defendants admit that Staples Contract & Commercial, Inc. employs or employed other ASMs with similar job titles, duties, and compensation structure in Kansas and two other states.  Defendants otherwise deny the allegations of Paragraph 26.**

27.    Plaintiff and all others with similar job titles, duties, and compensation structures are not exempt from the right to receive overtime compensation under the FLSA. Specifically, ASMs are not exempt because their primary job duties do not involve the performance of exempt duties.

**ANSWER:    Denied.**

28.    Plaintiff and other employees with similar job titles, duties, and compensation structures regularly performed work in excess of 40 hours per week without receiving straight time and overtime compensation pursuant to the FLSA.

**ANSWER:    Denied.**

29.    As an ASM, Plaintiff and other employees with similar job titles, duties, and compensation structures were improperly misclassified as exempt from the overtime requirements of the FLSA and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 *et seq*., and state common law.

**ANSWER:    Denied.**

30.    ASMs and others with similar job titles, duties, and compensation structures were improperly compensated under the FLSA. All such employees are hereby referred to as the "similarly situated," the "putative representative action plaintiffs," or "putative class members."

9

**ANSWER:     Denied.**

31.     These similarly situated employees were not compensated for their work at the legal and proper rate of pay.

**ANSWER:     Denied.**

32.     Staples failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, therefore, Staples has violated, and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. § 207(a)(1).

**ANSWER:     Defendants admit that Plaintiff and other ASMs did not receive pay at one and one-half times a regular rate for any hours worked in excess of 40 in a workweek. Defendants deny Plaintiff or others were entitled to any such pay, deny the remaining allegations of Paragraph 32, and deny any violation of law.**

33.     Staples knew its payroll policies, practices, and procedures were in violation of the FLSA or Staples showed reckless disregard with respect to whether such policies, practices, and procedures were in violation of the FLSA.

**ANSWER:     Denied.**

34.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:     Denied.**

## COLLECTIVE AND CLASS ALLEGATIONS

35.     Plaintiff re-alleges the allegations set forth above.

**ANSWER:     Defendants incorporate by reference their answers to Paragraphs 1 through 34.**

36.     ASMs and others with similar job titles, duties, and compensation structures, working for Staples are similarly situated in that they are all improperly classified as exempt under the FLSA, and they regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation due and owing.

**ANSWER:    Denied.**

37.     ASMs and all others with similar job titles, duties, and compensation structures are similarly situated in that they are all subject to Defendants' same compensation policies, plans, and/or procedures. Through these procedures, Staples unlawfully misclassifies ASMs and others with similar job titles, duties, and compensation structures as exempt. These misclassified ASMs and other employees with similar job titles, duties, and compensation structures regularly work in excess of forty hours in a workweek and are not paid all straight time and overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of forty in a workweek. Thus, ASMs are unlawfully denied straight time and overtime compensation due and owing under the FLSA.

**ANSWER:    Denied.**

38.     Plaintiff brings Count 1 – ASMs' FLSA Claim – as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings this Claim individually and on behalf of all persons who are, were, or will be employed by Staples as similarly situated ASMs and others with similar job titles, duties, and compensation structures within 3 years from the commencement of this action, who have not been compensated for all hours worked at the applicable wage rates. Plaintiff seeks relief on a collective basis challenging Defendants' policies, practices, and/or procedures of misclassifying ASMs and others with similar job titles, duties, and compensation structures, as exempt and failing and refusing to pay all straight time

11

and overtime compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek.

**ANSWER:** **Defendants admit that Plaintiff purports to seek relief in an FLSA collective action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for collective action treatment, and otherwise deny the allegations of Paragraph 38.**

39.     The class for Count I – the ASMs' FLSA Claim – is defined as:

> All current and former Account Services Managers, and others with similar job titles, duties and compensation structures, of Staples who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

**ANSWER:** **Defendants admit that Plaintiff purports to seek relief in an FLSA collective action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for collective action treatment, and otherwise deny the allegations of Paragraph 39.**

40.     Plaintiff brings Count II - ASMs' Breach of Contract Claim - as an "opt-out" class action against Staples pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this Claim individually and on behalf of all persons who are, were, or will be employed by Staples as ASMs, and others with similar job titles, duties, and compensation structures within 5 years from the commencement of this action, who have not been compensated at the applicable wage rates. Plaintiff seeks relief on a class basis challenging Defendants' failure to properly pay all wages due under state/federal law and/or in violation of contract.

**ANSWER:**   Defendants admit that Plaintiff purports to seek relief in a class action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 40.

41.     The Rule 23 class for Count II – the ASMs' Breach of Contract Claim – is defined as:

> All current and former Account Services Managers, and others with similar job titles, duties and compensation structures, of Staples who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

**ANSWER:**   Defendants admit that Plaintiff purports to seek relief in a class action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 41.

42.     Plaintiff brings Count III – Unjust Enrichment/Quantum Meruit Claim – as an "opt-out" class action against Staples pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this Claim individually and on behalf of all persons who are, were, or will be employed by Staples as ASMs, and others with similar job titles, duties, and compensation structures within 3 years from the commencement of this action, who have not been compensated at the applicable wage rates. Plaintiff seeks relief on a class basis challenging Defendant's failure to properly pay all wages due under state, federal, and/or contract law, thereby deriving an unfair benefit from the unlawful failure to pay all wages due and owing to ASMs and all other similarly situated employees.

**ANSWER:**   Defendants admit that Plaintiff purports to seek relief in a class action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 42.

43.     The Rule 23 class for Count III – the ASMs' Unjust Enrichment/Quantum Meruit Claim – is defined as:

> All current and former Account Services Managers, and others with similar job titles, duties and compensation structures, of Staples who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek as required by state and/or federal law.

**ANSWER:**   Defendants admit that Plaintiff purports to seek relief in a class action, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 43.

44.     Plaintiff's Breach of Contract and Unjust Enrichment/Quantum Meruit claims against Staples satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements necessary to maintain a class action.

**ANSWER:**   **Denied.**

45.     Plaintiff believes the classes cover more than 100 individuals. Joinder of all class members in a single action is impracticable. Thus, the classes satisfy the numerosity requirement.

**ANSWER:**   **Denied.**

46.     Questions of fact and law common to the classes predominate over any questions affecting individual putative class members. The questions of fact and law common to the classes arising from Staples's  actions include without limitation:

    a.      Whether Staples had a policy, practice, and procedure of illegally classifying the Breach of Contract and Unjust Enrichment/Quantum Meruit putative class members as exempt from state and federal overtime laws in violation of federal and/or contract law;

    b.      Whether Staples had a policy, practice, and procedure of failing to pay Plaintiff and the putative class members all wages due and owing;

    c.      Whether Defendant's compensation policies, practices, and procedures properly accounted for the time class members spent working on Staples's behalf;

    d.      Whether Staples's  conduct gives rise to claims for Breach of Contract, Unjust Enrichment, and Quantum Meruit;

    e.      The class-wide measure of damages;

    f.      Whether Staples knew or had reason to know such compensation policies, practices, and procedures were unlawful; and

    g.      Whether Staples retained a benefit for such unlawful compensation policies, practices and procedures.

**ANSWER:**   **Denied.**

47.     The aforementioned common questions predominate over any questions affecting individual persons. Considering consistency, fairness, economy, efficiency, and equity, a class action is the superior method of adjudication of Plaintiff's and the putative class members claims.

**ANSWER:**   **Denied.**

48.     The putative class members have been employed in the same position or similar positions to that in which Plaintiff was employed. Additionally, the putative class members were subjected to the same or similar policies, practices, and procedures, which Plaintiff contends were unlawful. As such, Plaintiff's claims are typical of the claims of the class and the putative class members.

**ANSWER:**   **Denied.**

49.     Staples has acted or refused to act on grounds that are generally applicable to the class.  The presentation of separate actions by individual class members creates a risk of inconsistent and variable results, establishing incompatible standards of conduct for Staples, and substantially impairing or impeding the ability of the putative class members to protect their interests. A class action is the appropriate and preferred method of adjudication to avoid such risks and provide a fair, efficient, and consistent determination of Plaintiff's and the putative class members' claims.

**ANSWER:    Denied.**

50.     Plaintiff Jeanie Worsely, is an adequate representative for the class because she can fairly and adequately protect the interests of the class: Plaintiff's claims are typical of those of the putative class members; Plaintiff's interests do not conflict with the interests of the members of the class she seeks to represent; and Plaintiff's undersigned counsel have experience with employment and class action lawsuits.

**ANSWER:    Defendants deny that Plaintiff's claims are typical of those of any other ASMs, and deny that Plaintiff is or would be an adequate representative of any class. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore deny the same.**

51.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy, it would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

**ANSWER:      Denied.**

52.      Class members can be informed of the pendency of this class action through direct mail.  The names and addresses of the putative representative action plaintiffs are available from Staples. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and in a form of notice similar to those customarily used in representative actions.

**ANSWER:      Defendants admit that Plaintiff seeks to inform alleged class members as set forth in Paragraph 52, but Defendants deny any violation of law, deny Plaintiff or others are entitled to any relief, deny Plaintiff is similarly situated with any others, deny this matter is appropriate for class action treatment, and otherwise deny the allegations of Paragraph 52.**

### COUNT I – ACCOUNT SERVICES MANAGERS' FLSA CLAIMS

53.      Plaintiff re-alleges the allegations set forth above.

**ANSWER:      Defendants incorporate by reference their answers to Paragraphs 1 through 52.**

54.      Staples illegally classified Plaintiff and the putative class members as exempt employees under the FLSA.

**ANSWER:      Denied.**

55.      Plaintiff and the putative ASM class members regularly worked in excess of forty hours in a workweek for Defendant without receiving the applicable compensation due and owing pursuant to the FLSA.

**ANSWER:      Denied.**

56.     Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

**ANSWER:    Denied.**

57.     Specifically, as discussed above, Defendant failed and refused to pay its non-exempt employees for all overtime hours worked by classifying ASMs as exempt from the FLSA's overtime protections.

**ANSWER:    Defendants admit that ASMs were classified as exempt from the FLSA's overtime requirements, but otherwise deny the allegations of Paragraph 57.**

58.     Defendant's practice was to unlawfully and willfully fail to properly pay its ASMs for all overtime hours worked at the appropriate and legal rate.

**ANSWER:    Denied.**

**Further answering, Defendants deny any allegations not expressly admitted herein, and deny that Plaintiff or others are entitled to any of the relief requested in Plaintiff's "WHEREFORE" Paragraph.**

**COUNT II – ACCOUNT SERVICES MANAGERS' BREACH OF CONTRACT CLAIM**

59.     Plaintiff re-alleges the allegations set forth above.

**ANSWER:    Defendants incorporate by reference their answers to Paragraphs 1 through 58.**

60.     Defendants entered into a contract, express or implied, with Plaintiff and the putative Breach of Contract class members, under which Defendants would pay the putative class members for all work performed for Defendants pursuant to applicable law.

**ANSWER:    Denied.**

18

61.     Defendants breached this contract by its course of conduct explained above.

**ANSWER:     Denied.**

62.     Defendants' breach was willful and not the result of mistake or inadvertence.

**ANSWER:     Denied.**

63.     As a direct result of Defendants' unlawful conduct, Plaintiff and the putative Breach of Contract class members have suffered a loss of compensation.

**ANSWER:     Denied.**

64.     Plaintiff and the putative Breach of Contract class members seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**ANSWER:     Defendants deny that Plaintiff or others are entitled to the relief sought in Paragraph 64.**

**Further answering, Defendants deny any allegations not expressly admitted herein, and deny that Plaintiff or others are entitled to any of the relief requested in Plaintiff's "WHEREFORE" Paragraph.**

**COUNT III– UNJUST ENRICHMENT/QUANTUM MERUIT**

65.     Plaintiff re-alleges the allegations set forth above.

**ANSWER:     Defendants incorporate by reference their answers to Paragraphs 1 through 64.**

66.     Defendants benefited from the unpaid work performed by Plaintiff and the putative class members by retaining monies that were due and owing pursuant to state/federal law and/or pursuant to the parties' agreement.

**ANSWER:     Denied.**

19

67.     Defendants was aware or should have been aware that they were receiving a benefit of these unpaid/wrongfully withheld wages at the time such monies were withheld and Defendants accepted and retained such benefit without paying fair compensation to Plaintiff and the putative class members.

**ANSWER:    Denied.**

68.     Defendants' acceptance and retention of the benefit of Plaintiff and the putative class members' unpaid/deducted labor was inequitable and resulted in Defendants being unjustly enriched.

**ANSWER:    Denied.**

**Further answering, Defendants deny any allegations not expressly admitted herein, and deny that Plaintiff or others are entitled to any of the relief requested in Plaintiff's "WHEREFORE" Paragraph.**

**DEFENSES**

69.     The Amended Complaint fails to state a claim upon which relief may be granted against The Staples Group, Inc. because The Staples Group, Inc. was not Plaintiff's or other ASMs' employer at any time, and did not enter into any alleged contract with Plaintiff or others.

70.     The breach of contract, unjust enrichment, and quantum meruit claims are duplicative of the FLSA claim and therefore are preempted and/or fail to state any independent claims upon which relief may be granted.

71.     An award of damages under more than one claim asserted in the Amended Complaint is barred by the election of remedies doctrine or is otherwise impermissible because it would constitute a manifest injustice in that the claims seek a double recovery for a single alleged wrong.

72.     The breach of contract, unjust enrichment, and quantum meruit claims fail due to the absence of offer, acceptance, and/or consideration.

73.     In conjunction with employment at Staples Contract & Commercial, Inc., Plaintiff and others executed an agreement containing a waiver of jury trial, such that this matter should be tried to the Court and not to a jury.

74.     Plaintiff's claims and the claims of others who may join this case are barred in part by the applicable statutes of limitation.

75.     Defendants did not engage in any willful violation of the FLSA.

76.     Any time spent engaged in activities as alleged by Plaintiff or others who may join this case, which is not otherwise excluded from hours worked under the FLSA, is de minimis and therefore not compensable.

77.     Plaintiff and others who may join this case were properly classified as exempt from the FLSA's minimum wage and overtime requirements by virtue of the FLSA's administrative exemption.

78.     Plaintiff was and is not similarly situated to any class of employees she may seek to represent.

79.     Plaintiff may not pursue the FLSA claim on behalf of any individual who has not signed and filed a written consent to participate in this action.

80.     Defendants had no knowledge or reason to know of any work for which Plaintiff or others were not compensated.

WHEREFORE, Defendants pray that Plaintiff take nothing by her Amended Complaint, that the Amended Complaint be dismissed, and that Plaintiff be assessed with Defendants' costs and attorneys' fees.

21

Respectfully submitted,

/s/ *Daniel B. Boatright*
Daniel B. Boatright, KS #15298
Robert J. Rojas, KS #25807
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
dboatright@littler.com
rrojas@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of July, 2017, I electronically filed the above and foregoing with the Court's CM/ECF electronic filing system which will send a notice of electronic filing to the following counsel of record:

Matthew E. Osman
Kathryn S. Rickley
OSMAN & SMAY, LLP
8500 W. 110th Street, Suite 330
Overland park, KS 66210
mosman@workerwagerights.com
krickley@workerwagerights.com

ATTORNEYS FOR PLAINTIFFS

/s/ *Daniel B. Boatright*
Attorney for Defendants