## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEANIE WORSLEY, on behalf of herself        )
and all others similarly situated,          )
                                            )
                    Plaintiff,              )
                                            )        Case No. 17-2254-CM
v.                                          )
                                            )
THE STAPLES GROUP, INC., et al.,            )
                                            )
                    Defendants.             )
_____)

### MEMORANDUM AND ORDER

Plaintiff Jeanie Worsley brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming that her former employer—defendant Staples Contract & Commercial—misclassified Account Service Managers ("ASMs") as exempt under the FLSA. According to plaintiff, she and other similarly-situated employees should have been paid straight time and overtime compensation for all hours worked in excess of forty hours in a workweek. This matter is before the court on plaintiff's Motion for Conditional Class Certification of Class Claims Under § 216(b) of the FLSA (Doc. 16). For the following reasons, the court grants the motion.

### I.     Legal Standards

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the

Tenth Circuit has endorsed the ad hoc method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the ad hoc method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citation omitted). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (citation omitted); *see also Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *2 (D. Kan. Oct. 3, 2011); *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1300 (D. Kan. 2010). This standard is a lenient one. *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

"Because the court has minimal evidence, [the notice stage] determination . . . typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Ordinarily, the court makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). And in making the determination, the court does not reach the merits of the plaintiff's claims. *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 (D. Kan. 2007); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted). But a plaintiff must provide more than speculative allegations. *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004). And "conclusory and general allegations" are insufficient. *Blancarte v. Provider Plus, Inc.*, No. 11-2567-JAR, 2012 WL 4442641, at *4 (D. Kan. Sept. 26, 2012).

The court must therefore determine whether plaintiff has offered substantial allegations that members of the putative class are similarly situated. As suggested above, a plaintiff can demonstrate

that she and putative class members are similarly situated by showing that they were subject to a common policy. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.").

## II.   Plaintiff's Allegations

Plaintiff alleges that she, along with all others with similar job duties and compensation structures, worked as an ASM for defendant. Since May 1, 2012, defendant has employed ninety-two individuals as ASMs. Plaintiff claims that defendant applied the same compensation plans and policies to her and all others with similar job titles and duties. Namely, defendant classified plaintiff and the others as exempt employees, denying them straight time and overtime compensation for hours worked in excess of forty in a workweek. The employees were instead paid a fixed weekly amount.

As ASMs, plaintiff claims that she and others similarly situated did not have managerial roles and did not supervise other employees. She further alleges that they did not exercise discretion and independent judgment in their job duties beyond basic aspects of the job. Plaintiff claims that all decision-making is done by employees in other positions. The primary duties of the ASMs were overseeing the creation and function of defendant's customers' eStores, which are web-based client stores where companies can offer promotional items with company logos on them for purchase. According to plaintiff, all ASMs have similar job duties.

Plaintiff submits that the putative class should be comprised of the following members:

> All current and former Account Services Managers for Defendant, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

## III.   Analysis

At this early stage of the case, the above allegations are sufficient to warrant conditional certification for similarly situated employees.  A number of courts have reviewed comparable allegations and determined that conditional certification is appropriate.  *See, e.g.*, *Underwood v. NMC Mortg. Corp.*, 245 F.R.D. 720, 723 (D. Kan. 2007) ("[T]he allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").  Defendant urges the court to deny conditional certification by applying the administrative exemption.  *See* 29 U.S.C. § 213(a); 29 C.F.R. § 541.200(a).  Defendant ultimately may be correct that the exemption should apply in this instance.  But the time to consider whether this exception applies is not during the conditional certification process.  *See Renfro*, 243 F.R.D. at 435 ("On the motion for conditional certification . . . the Court will not reach the merits of plaintiffs' claim.") (citation omitted).  The court will not deny plaintiff's motion based on the arguable application of the administrative exemption.

The court therefore turns to the question of who is similarly situated to plaintiff.  She alleges that she is similarly-situated to ASMs at locations other than her own Overland Park location.  Defendant argues that plaintiff has no first-hand knowledge of the work of ASMs at other locations, citing cases where the court has denied certification for locations where the plaintiff did not work.  *See Peuges v. CareCentrix, Inc.*, No. 12-2484-CM, 2013 WL 1896994, at *3–*4 (D. Kan. May 6, 2013) (limiting conditional certification to one location because the plaintiff did "not offer any firsthand knowledge of practices in other units or locations"); *Blancarte*, 2012 WL 4442642, at *3 (denying conditional certification because the plaintiff did "not purport to have any personal knowledge of the matters as they pertain to any other [employees] or of the practices in [other] offices").

This case is distinguishable from the cases cited by defendant because it is a misclassification case.  Plaintiff alleges that ASMs had certain duties as laid out in job descriptions.  She does not allege

that the duties she was required to perform differed from the ASM job description that applies to all locations.  Because her allegations are based on the nature of a position—and not whether a location's culture required non-exempt employees to perform work off-the-clock—the court determines that plaintiff has adequately alleged a policy that applies across all of defendants' locations.

### IV.    Notice

In light of the court's decision, notice must be sent to potential class members.  Defendant, however, objects to several aspects of plaintiff's proposed notice: (1) disclosure of the private information of putative class members; (2) equitable tolling; (3) 120-day opt-in period; (4) misleading references to multiple named plaintiffs; (5) unnecessary discussion of separate litigation; (6) potential responsibility for costs and expenses; and (7) posting at the place of employment.  In response, plaintiff agreed to amend the proposed notice to address references to multiple named plaintiffs and to change the opt-in period to ninety days.  The court addresses the remaining objections below.

### A.  Disclosure of Private Information

Plaintiff asks the court to order defendant to disclose the dates of birth and last four digits of social security numbers for putative class members to aid in identification.  Plaintiff also asks for information such as names, addresses, and phone numbers.  The court does not believe that plaintiff has shown a necessity for dates of birth and social security numbers at this time.  *See Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1271 (D. Kan. 2013) (denying a request for social security numbers without a showing of necessity).  If plaintiff attempts to send notices, but learns that the identifying information provided by defendant is insufficient, plaintiff may seek additional identifying information at that time.  But defendant need not produce it now, without a greater showing of necessity.

### B.  Equitable Tolling

Plaintiff asks the court to apply equitable tolling to extend the opt-in time.

> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

*United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)).  It may apply when "extraordinary circumstances" exist that made it "impossible" for the plaintiff(s) to file a timely lawsuit.  *Id.*  Tolling is reserved for situations "when [a plaintiff] diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Plaintiff has not shown that equitable tolling is warranted here.  She has offered no allegations or evidence suggesting that timely joining the lawsuit would be impossible or that defendant took any action to create such impossibility.  This request is denied.

### C.  Separate Litigation

The proposed notice includes the following paragraphs:

### 13.  What happens if I do nothing at all?

> If you do nothing, you will not participate in the collective action. You will not be bound by any decision or settlement in this lawsuit. Therefore, you will not be entitled to recovery should there be any for those claims.

> You can also start your own lawsuit against Staples Contract & Commercial, Inc. You will have to retain your own lawyer for that lawsuit, and you will have to prove your claims. If you choose to exclude yourself by doing nothing, you can start or continue your own lawsuit against Staples Contract & Commercial, Inc. You should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

Defendant argues that the second paragraph is unnecessary, and could be interpreted as encouraging separate litigation.

The court overrules defendant's objection.  The paragraph explains the full range of options that potential plaintiffs have.  It is modeled after a paragraph in the Federal Judicial Center's Model Notice of Class Action, and the court believes that it is appropriate to include.

### D.  Costs and Expenses

Plaintiff's proposed notice states that potential plaintiffs will not have to pay fees and expenses in the event "the attorneys get money or benefits for the employees."  But the notice does not mention the possibility of costs being awarded to defendant.  Defendant asks the court to add language stating, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you" to present the complete picture of possible outcomes.

The court agrees with defendant.  The clarifying language identified above is accurate and gives the potential class members a better understanding of how attorney's fees and expenses will be handled.  In addition, an award of costs is possible, making a warning about the assessment of costs appropriate.  *See Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM, 2012 WL 2872160, at *7 (D. Kan. July 12, 2012) (citation omitted); *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009).  Plaintiff should add the language "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you" to the notice.

### E.  Posting at Place of Employment

Plaintiff asks the court to permit posting of the notice at the workplace to give putative class members further notice of the lawsuit.  The court believes that mailing the notice to putative class members is sufficient, and denies this request.  *See Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1267 (D. Kan. 2015) (denying the plaintiffs' request to post a notice in the workplace, stating,

"[T]he potential class members that such a posting would reach are the same employees for whom defendant most likely has current home address information.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Class Certification Under § 216(b) of the FLSA (Doc. 29) is granted.

**IT IS FURTHER ORDERED** that plaintiff shall modify her notice as identified in this order before sending it out to putative class members.

Dated this <u>26th</u> day of September, 2018, at Kansas City, Kansas.

/s/ Carlos Murguia     
**CARLOS MURGUIA**
**United States District Judge**